**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PREFERRED MUTUAL INSURANCE COMPANY<br><br>        Plaintiffs<br>vs.<br><br>CSAA MID-ATLANTIC INSURANCE COMPANY OF NEW JERSEY d/b/a MID-ATLANTIC INSURANCE COMPANY OF NEW JERSEY<br><br>        Defendant | **Civil Action No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Preferred Mutual Insurance Company (hereinafter, PMI), by way of complaint for declaratory judgment, and equitable contribution, avers as follows:

**VENUE AND JURISDICTION**

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. ¶ 1332(a)(1) as the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. This complaint asserts a declaratory judgment claim and an equitable contribution action by PMI against CSAA that arises out of a All Terrain Vehicle (ATV) accident that took in the state of New Jersey on July 4, 2016.

3. This court has subject matter jurisdiction pursuant to Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202 as the matter in controversy concerns the interpretation and application of the terms and conditions in an insurance contract.

4. New Jersey is the proper venue as the insurance contract was issued to New Jersey residents, and the underlying accident took place in the State of New Jersey.

## THE DISPUTE

5. Plaintiff is an insurance company incorporated under the laws of the State of New York, and licensed to issue insurance policies in the State of New Jersey with its principal place of business located at One Preferred Way, New Berlin, NY 13411.

6. Upon information and belief, defendant CSAA MID-ATLANTIC INSURANCE COMPANY OF NEW JERSEY d/b/a Mid Atlantic Insurance Company of New Jersey (hereinafter CSAA) is incorporated under the laws of the State of New Jersey, is only licensed to issue insurance policies in the State of New Jersey, and is owned by CSAA Insurance Exchange that has its headquarters at 3055 Oak Road, Walnut Creek, California 94597.

7. Defendant CSAA issued a Homeowners policy of insurance for the residence located at 2479 South Lincoln Avenue, Vineland, New Jersey.

8. The policy is further identified as bearing policy number 03259927 with a policy period of January 19, 2016 through January 16, 2017.

9. The named insured on the CSAA policy are Diego and Teresa Rivera.

10. At all times relevant herein, Luis Lebron, was a New Jersey resident and an "insured" as the term is defined in the CSAA policy.

## COUNT I

11. PMI alleges each and every other allegation in this complaint and incorporates each into this count as if set out fully herein.

12. On July 4, 2016 Luis Lebron was operating an ATV owned by Diego and/or Teresa Rivera.

13. At the time of the accident Luis Lebron operated the ATV with the permission of the Rivera's and on the property insured by the CSAA policy.

14. While Mr. Lebron was operating the ATV a passenger, Ricardo Ramos, was injured when the ATV turned over.

15. Mr. Ramos alleges he was seriously injured and filed suit currently pending in the State of New Jersey, Superior Court, Law Division Cumberland County bearing docket number CUM-L-461-18 and captioned <u>Ricardo Ramos v. Rivera et al</u> (hereinafter Ramos suit).

16. Luis Lebron is a defendant in the Ramos suit.

17. Plaintiff issued a homeowner's policy to Sylvia Perez insuring 1203 Lila Drive, Vineland New Jersey and is further identified as bearing policy number PHO 0100 78 55 85 with a policy period of December 28, 2015 through December 28, 2016 (hereinafter PMI policy).

18. Luis Lebron is insured by the PMI policy as he is the husband of Sylvia Perez.

19. PMI is providing a defense on behalf of Mr. Lebron.

20. PMI tendered the claim to CSAA as the CSAA policy is the primary policy and should be incurring the costs for the defense and indemnification(if any) of Mr. Lebron.

21. In the alternative, PMI seeks an allocation and equitable contribution from CSAA as Mr. Lebron is a mutual insured.

22. CSAA has refused to contribute to the defense for Mr. Lebron.

23. As a result of CSAA refusal to accept coverage PMI has been damaged and continues to be damaged as it incurs the entire costs for the defense of Mr. Lebron.

24. The is a ripe and justiciable controversy between CSAA and PMI.

WHEREFORE, Plaintiffs respectfully demand judgment against defendant CSAA and requests the following relief:

     a.     An order declaring that defendant CSAA is obligated to indemnify plaintiffs, for attorneys fees, costs, sums and expenses incurred and paid for the defense and any judgment or settlement of the Ramos suit; and

     b.     An order declaring that defendant CSAA is obligated to undertake the costs of defense and indemnification of the Ramos suit on behalf of Mr. Lebron on a primary and non contributory basis.

     c.     An Order allocating the respective responsibilities of PMI and CSAA.

     d.     Attorneys fees, costs, sums and expenses incurred by plaintiffs in the instant Declaratory Judgment action;  and

     e.     Consequential and compensatory damages

     f.     Any other relief the court may deem just an equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues.

                                      MARSHALL, DENNEHEY, WARNER,
                                      COLEMAN & GOGGIN

                              BY:  */S/DAVID D. BLAKE*
                                      DAVID D. BLAKE, ESQUIRE
                                      Attorney for plaintiff Preferred Mutual Insurance Company

LEGAL/123648524.v1